**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NAPOLEON PEREA, II,

           Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant - Appellee.

No. 12-16243

D.C. No. 2:10-cv-02237-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted May 15, 2014[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BOLTON, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Napolean Perea II appeals the Eastern District of California's affirmance of the denial of his application for supplemental security income.

The administrative law judge ("ALJ") did not commit reversible error. The ALJ properly evaluated Appellant's credibility and determined that the many inconsistencies in his statements and testimony undermined his assertions concerning his ailments' severity. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). Because the same reasons undermine Appellant's mother's Third-Party Function Report, the ALJ did not commit reversible error by failing to address it. *See Molina v. Astrue*, 674 F.3d 1104, 1115, 1122 (9th Cir. 2012). The ALJ also properly discounted the opinions of examining physicians Dr. Wakefield and Dr. Kalman because they were inconsistent with Appellant's stated daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ did not ignore Dr. Conte's and Dr. DeSouza's opinions and properly accepted them and included their limitations in the residual functional capacity ("RFC"). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–75 (9th Cir. 2008). The hypothetical individual the ALJ posed to the vocational expert ("VE") properly included all the limitations the ALJ included in Appellant's RFC. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989). Finally, there is no evidence that the VE's testimony was inconsistent with the Dictionary of Occupational Titles

("DOT"), so the ALJ's failure to ask whether the VE's testimony was consistent with the DOT was harmless. *See Molina*, 674 F.3d at 1115.

**AFFIRMED.**